1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682

4  Attorneys for Plaintiff
   YVONNE W. WHITE

5

6              UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8  YVONNE W. WHITE                    CASE NO.
                                      Civil Rights
9        Plaintiff,
                                      C O M P L A I N T   F O R
10       v.                           P R E L I M I N A R Y   A N D
                                      PERMANENT   INJUNCTIVE
11 DUGGAN'S FUNERAL SERVICE,          RELIEF  AND  DAMAGES:
   A California Corporation;   and    DENIAL OF CIVIL RIGHTS AND
12 DOES 1-25, Inclusive,              ACCESS TO PUBLIC FACILITIES
                                      TO  PHYSICALLY  DISABLED
13                                    PERSONS, (§54, §54.1, §55 CIVIL
         Defendants.                  CODE;  §19955  ff  HEALTH &
14 _____/       SAFETY  CODE;  INJUNCTIVE
                                      RELIEF   PER   TITLE   III,
15                                    A M E R I C A N S   W I T H
                                      DISABILITIES ACT OF 1990, 42
16                                    USC §§12181. et. seq.

17                                    **DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages, Injunctive Relief, etc.

Plaintiff YVONNE W. WHITE complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION:  DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:  PUBLIC FACILITIES IN A PUBLIC FACILITY (§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1.     Plaintiff Yvonne W. White is a "person with a disability" or "physically handicapped person."[1]  Ms. White  requires the use of a wheelchair or electric scooter for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair or electric scooter.

2.     **SUMMARY**:     This case involves the lack of disabled accessible paths of travel,  public  restrooms, signage, and other facilities to Ms. White and other  disabled persons at Duggan's Funeral Service and Mortuary at 3434 17th Street, San Francisco, California 94110. Ms. White  was denied equal protection of the law and was denied Civil Rights under  California law and federal law.  Ms. White was denied her rights to full and equal access at Duggan's because it was not, and is not now, a facility properly accessible to physically disabled persons such as Ms. White who use wheelchairs or electric scooters .  Ms. White seeks injunctive relief to require Defendants to make Duggan's and its facilities accessible to disabled persons and to ensure that any disabled person who has occasion to be at Duggan's and to use its  facilities will be provided full and equal access as required by federal and state disabled access laws and regulations.  Ms. White also seeks recovery of damages for her physical and personal injuries and discriminatory experiences and denial of access, which is  continuing as a result of Defendants'

---

[1]  (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

failure to provide accessible facilities,  and seeks recovery of reasonable statutory attorneys' fees, litigation expenses and costs.

3.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4.    **VENUE:**  Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Ms. White's causes of action arose in this district.

5.    **INTRADISTRICT:**  This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and Ms. White's causes of action arose in this intradistrict.

6.    **PARTIES:**  Defendants  are the owners, operators, lessors, and/or lessees of the  property and/or buildings which are the subject of this lawsuit. The property and  buildings each are  a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of California Civil Code §54, et seq.  On information and belief, such buildings and facility have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building to disabled access requirements per §19955-19959, et. seq.  Health & Safety Code.

7.    The true names and capacities of Defendants Does 1 through 25, Inclusive, are unknown to Ms. White who therefore sues said Defendants by such fictitious names; Ms. White is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby

1  to Ms. White ; Ms. White prays leave of Court to amend this Complaint to show

2  such true names and capacities when the same have been ascertained.

3      8.    Defendants  and DOES 1-25, Inclusive, are and were the owners,

4  operators, lessors, and/or lessees of the subject property and/or building at all times

5  relevant to this Complaint.  Ms. White is informed and believes that each of the

6  Defendants herein is the agent, employee or representative of each of the other

7  Defendants, and performed all acts and omissions stated herein within the scope of

8  such agency or employment or representative capacity and is responsible in some

9  manner for the acts and omissions of the other Defendants in proximately causing

10  the damages complained of herein.

11      9.    Ms. White  and other similarly situated physically disabled persons

12  with mobility disabilities are unable to use public facilities on a "full and equal"

13  basis unless each such facility is in compliance with the provisions of California

14  Health & Safety Code §19955 et. seq.  Ms. White is a member of that portion of the

15  public whose rights are protected by the provisions of said Health & Safety Code.

16      10.    California Health & Safety Code §§19955 and 19955.5 were enacted

17  "To ensure that public accommodations or facilities constructed in this state with

18  private funds adhere to the provisions of Chapter 7 (commencing with §4450) of

19  Division 5 of Title 1 of the Government Code."  Such public accommodations  also

20  require that "When sanitary facilities are made available for the public, clients, or

21  employees ..., they shall be made available for persons with disabilities." Title 24,

22  California Code of Regulations, formerly known as the California Administrative

23  Code, was in effect at the time of each alteration which, on information and belief,

24  occurred at such public facility since July 1, 1982, thus requiring access complying

25  with the specifications of Title 24 whenever each such "alteration, structural repair

26  or addition" was carried out.  On information and belief, Defendants have carried

27  out alterations, structural repairs, or additions to the building during the period Title

28  24 has been in effect.  On information and belief, alterations, structural repairs, or

additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of §4450ff Government Code.

11.    On the morning of October 11, 2007 Ms. White arrived at Duggan's in an East Bay Paratransit Van to attend the funeral of her relative Lewis Westbrook. Upon exiting the Van in her electric scooter, Ms. White observed that there was no path of travel to get into Duggan's other than up a flight of stairs. Upon being alerted of Ms. White's inability to gain entry to Duggan's, two (2) members of Duggan's staff physically transferred Ms. White from her electric scooter to a manual wheelchair and carried her up the steps to the interior of Duggan's. During this process, Ms. White did not feel safe, was very afraid that she would be dropped, and was embarrassed an humiliated. After the funeral, Ms. White had need to use a restroom. Upon arriving at the restroom, Ms. White discovered that it was totally inaccessible to a person such as herself who requires the use of a wheelchair. Ms. White then proceeded to exit Duggan's: in so doing, she again was carried in the manual wheelchair by to Mortuary staff members down the flight of stairs and again did not feel safe, was very afraid that she would be dropped, and was again embarrassed and humiliated. Upon reaching the street level, the staff members transferred Ms. White from the manual wheelchair to her electric scooter. In the process, the staff did not properly strap Ms. White into the electric scooter, and as a result she bumped and injured her knee.

15.    As set forth, supra, and in addition thereto, and on information and belief, this public facility is inaccessible to persons with disabilities in numerous other aspects. The facilities should be brought into compliance with all applicable code requirements.

16.    Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are

repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

17.    Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

18.    **INJUNCTIVE RELIEF:** Ms. White seeks injunctive relief to require that Defendants remove all barriers to disabled access, to require that Defendants make Duggan's and its facilities fully accessible to disabled persons, and to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Ms. White and other members of the public who are physically disabled from full and equal access to that public facility.   Such acts and omissions are the cause of humiliation and mental and emotional suffering of Ms. White in that these actions continue to treat Ms. White as an inferior and second class citizen and serve to discriminate against her on the  basis that she is a person with disabilities and requires the use of a wheelchair or electric scooter for movement in public places; Ms. White is deterred from returning to Duggan's so as long as such acts and omissions of Defendants continue.  Ms. White will return to Duggan's only when the defendants remove all barriers which deny Ms. White full and equal access and make Duggan's accessible to disabled persons such as Ms. White as required by federal and state disabled access laws and regulations. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Ms. White if not enjoined.

19.    **DAMAGES:** As a result of the denial of equal access to the facility

1   and due to the acts and omissions of Defendants and each of them in owning,

2   operating, leasing, constructing, altering, and maintaining the subject facility, Ms.

3   White  suffered a violation of her Civil Rights, including but not limited to rights

4   under §§ 54 and 54.1 Civil Code, and suffered physical and personal injuries,

5   discomfort and pain, mental and emotional distress, embarrassment, and humiliation,

6   all to her damages as hereinafter stated.  Defendants' actions and omissions to act

7   constitute discrimination against Ms. White on the sole basis that is physically

8   disabled and unable, because of the architectural barriers created and/or maintained

9   by the Defendants in violation of the subject laws, to use Duggan's and its facilities

10  on a full and equal basis with other persons.  Ms. White also seeks trebling of all

11  actual damages, general and special, as provided by §54.3 Civil Code.

12       20.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and

13  conduct,  Ms. White has been required to incur statutory attorneys' fees, litigation

14  expenses, and costs as provided by statute, in order to enforce Ms. White's rights

15  and to enforce provisions of the law protecting access for disabled persons and

16  prohibiting discrimination against disabled persons.  Ms. White therefore seeks

17  recovery of all reasonable attorney's fees, litigation expenses, and costs, pursuant to

18  the provisions of §§54.3 and 55 Civil Code.  Additionally, Ms. White's lawsuit is

19  intended not only to obtain compensation for damages to Ms. White, but also to

20  force the Defendants to make their facilities accessible to all disabled members of

21  the public, justifying "public interest" attorneys' fees, litigation expenses and costs

22  pursuant to the provisions of §1021.5 Code of Civil Procedure and other  law.

23       21.    Wherefore Ms. White asks this court to preliminarily and permanently

24  enjoin any continuing refusal by Defendants to grant full and equal access to Ms.

25  White and to require Defendants to comply forthwith with the applicable statutory

26  requirements relating to access for disabled persons.  Such injunctive relief is

27  provided by §19953 Health & Safety Code and California Civil Code §55,  and

28  other law.  Ms. White further requests that the court award damages pursuant to

Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Ms. White prays for relief as hereinafter stated:

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101FF

22.     Ms. White repleads and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23.     Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ." As of ten (10) years later, the number of "qualified" disabled persons protected by the ADA exceeds fifty (50) million.

24.     Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

25.    As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Defendants are "private entities" which are considered "public accommodations" for purposes of this title.

26.    Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

27.    Among the specific prohibitions against discrimination were included:

<u>§302(b)(2)(A)(ii)</u>: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

<u>§302(b)(2)(A)(iv)</u>: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

<u>§302(b)(2)(A)(v)</u>: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations

promulgated thereunder, 28 CFR Part 36ff.

28.    The removal of each of the barriers complained of by Ms. White  as hereinabove alleged were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act.  As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law.   Further, and on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements  for removal of barriers to access for disabled persons per §303 of the ADA and §19959 California Health and Safety Code.

29.    On information and belief, as of the dates of Ms. White's encounter at the premises and  the filing of this Complaint, the premises have denied and continue to deny full and equal access to Ms. White and to other disabled persons in other respects, which violated Ms. White's rights to full and equal access and which discriminated against Ms. White on the basis of her disability, thus wrongfully denying to Ms. White the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

30.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Ms. White is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. White is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303.  On information and belief, Defendants have continued to violate the law and deny the rights of Ms. White and other disabled persons access to this public accommodation since on or before Defendant's encounters as previously discussed.  Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such

facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

31.    Ms. White seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms. White is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises. Ms. White also seeks recovery of reasonable attorneys' fees pursuant to section 505 of the ADA.

Wherefore Ms. White prays for relief as hereinafter stated:

## **PRAYER**

Ms. White prays that this Court:

1.    Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises   and related  facilities so that each and every barrier to disabled access is removed and so that each provides full and equal access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide  facilities accessible to and usable by Ms. White  and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3.    Award to Ms. White all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the  Court, all according to proof;

1    4.    Award to Ms. White all reasonable attorneys' fees, litigation expenses,

2  and costs of this proceeding as provided by law;  and

3    5.    Grant such other and further relief as this Court may deem just and

4  proper.

5  Dated: 6/3/08                                    SIDNEY J. COHEN
                                                    PROFESSIONAL CORPORATION
6

7                                                        /s/ Sidney J. Cohen
                                                    By_____
8                                                       Sidney J. Cohen
                                                        Attorney for Plaintiff
9                                                       Yvonne W. White

10                          **<u>DEMAND FOR JURY TRIAL</u>**

11            Ms. White hereby demands a jury for all claims for which a jury is

12  permitted.

13  Dated: 6/3/08                                    SIDNEY J. COHEN
                                                    PROFESSIONAL CORPORATION
14

15                                                        /s/ Sidney J. Cohen
                                                    By_____
16                                                      Sidney J. Cohen
                                                        Attorney for Plaintiff
17                                                      Yvonne W. White

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages, Injunctive Relief, etc.        -11-