MARK L. DAWSON (State Bar No. 166956)
ERIC S. RITIGSTEIN (State Bar No. 249026)
CRADDICK, CANDLAND & CONTI
A Professional Corporation
915 San Ramon Valley Blvd., Suite 260
Danville, CA 94526
Telephone: (925) 838-1100
Facsimile: (925) 743-0729

Attorneys for Defendant(s),
DUGGAN'S FUNERAL SERVICE
(SUED ERRONEOUSLY HEREIN
AS DUGGAN'S FUNERAL SERVICE,
A CALIFORNIA CORPORATION)

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF USDC - NORTHERN DISTRICT

| | |
|---|---|
| YVONNE W. WHITE,<br><br>    Plaintiff(s),<br><br>vs.<br><br>DUGGAN'S FUNERAL SERVICE, A CALIFORNIA CORPORATION; AND DOES 1-25, INCLUSIVE,<br><br>    Defendant(s). | No. C08-02782 EMC<br><br>Honorable Edward M. Chen<br><br>**ANSWER OF DUGGAN'S FUNERAL SERVICE FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES; DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS; INJUNCTIVE RELIEF PURSUANT TO TITLE III, AMERICANS WITH DISABILITIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

   COMES NOW the defendant, DUGGAN'S FUNERAL SERVICE, sued erroneously herein as DUGGAN'S FUNERAL SERVICE, A CALIFORNIA CORPORATION, and answers plaintiff YVONNE W. WHITE's Complaint on file herein as follows:

   1. This answering defendant lacks information or belief sufficient to admit or deny the allegations in Paragraph 1 of the Complaint on file herein, and on such basis, denies same.

   2. This answering defendant lacks information or belief sufficient to admit or deny the allegations in Paragraph 2 of the Complaint on file herein, and on such basis, denies same.

3. This answering defendant admits that the subject premises, as described, is a place of public accommodation subject to the requirements of the Americans with Disabilities Act of 1990 and California Health and Safety Code 19955 et seq. This answering defendant lacks information or belief sufficient to admit or deny each and every other allegation contained in paragraph 3 of the Complaint on file herein.

4. Responding to the allegations contained in Paragraph 4 of the Complaint on file herein, this answering defendant admits that the venue is proper.

5. This answering defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 5 of the Complaint on file herein.

6. This answering defendant admits that it is the owner of the building which is the subject of this lawsuit. This answering defendant admits that the subject premises, as described, is a place of public accommodations subject to the requirements of the Americans with Disabilities Act of 1990 and California Health and Safety Code Section 19955, et seq. This answering defendant lacks sufficient information or belief to admit or deny each and every other allegation contained in Paragraph 6 of the Complaint on file herein.

7. This answering defendant lacks information or belief sufficient to admit or deny the allegations in Paragraph 7 of the Complaint on file herein and on such basis denies same.

8. This answering defendant denies the allegations contained in Paragraph 8 of the Complaint on file herein.

9. This answering defendant denies the allegations contained in Paragraph 9 of the Complaint on file herein.

10. Responding to the allegations contained in Paragraph 10 of the Complaint on file herein, this answering defendant admits that the business operation described in Paragraph 10 was a place of public accommodations subject to the requirements of California Health and Safety Code Sections 19955 and 19955.5. This answering defendant denies the remaining allegations in Paragraph 10 of the Complaint on file herein.

11. Responding to the allegations contained in Paragraph 11 of the Complaint on file herein, this answering defendant admits that plaintiff was present at defendant's place of

1 | business on October 11, 2007. This answering defendant lacks information and/or belief
2 | sufficient to admit or deny the remaining allegations in paragraph 11 of the Complaint on file
3 | herein and on such basis denies same.
4 |     15. (sic.) This answering defendant denies the allegations contained in Paragraph 15 of
5 | the Complaint on file herein.
6 |     16. (sic.) This answering defendant denies each and every allegation contained in
7 | Paragraph 16 (sic.) of the Complaint on file herein.
8 |     17. (sic.) This answering defendant denies each and every allegation contained in
9 | Paragraph 17 (sic.) of the Complaint on file herein.
10 |     18. (sic.) Responding to the allegations contained in Paragraph 18 (sic.) of the
11 | Complaint on file herein, this answering defendant admits that plaintiff seeks injunctive relief
12 | and damages by and through this Complaint, but denies that the subject premises was
13 | inaccessible to persons with disabilities, that access was discriminatorily denied to plaintiff or
14 | any other person, and further denies that they have actually or proximately caused any injuries or
15 | damages to plaintiff. Furthermore, this answering defendant denies each and every other
16 | allegation contained in Paragraph 18 (sic.) of the Complaint on file herein.
17 |     19. (sic.) Responding to the allegations contained in Paragraph 18 (sic.) of the
18 | Complaint on file herein, this answering defendant admits that plaintiff seeks injunctive relief
19 | and damages by and through this Complaint, but denies that the subject premises was
20 | inaccessible to persons with disabilities, that access was discriminatorily denied to plaintiff or
21 | any other person, and further denies that they have actually or proximately caused any injuries or
22 | damages to plaintiff. Furthermore, this answering defendant denies each and every other
23 | allegation contained in Paragraph 18 (sic.) of the Complaint on file herein.
24 |     20. (sic.) Responding to the allegations contained in Paragraph 20 (sic.) of the
25 | Complaint on file herein, this answering defendant admits that plaintiff seeks recovery of all
26 | reasonable attorney's fees, litigation expenses, and costs as well as injunctive relief and damages
27 | by and through the Complaint, but denies that the subject premises was inaccessible to persons
28 |

1  with disabilities, that access was discriminatorily denied to plaintiff or any other person, and
2  further denies that they have actually or proximately caused any injuries or damages to plaintiff.
3       21. (sic.)  Responding to the allegations contained in Paragraph 21 (sic.) of the
4  Complaint on file herein, this answering defendant admits that plaintiff seeks to preliminarily
5  and permanently enjoin any continuing refusal by defendant to grant full and equal access to
6  plaintiff, but denies that the subject premises was inaccessible to persons with disabilities, that
7  access was discriminatorily denied to plaintiff or any other person, and further denies that they
8  have actually or proximately caused any injuries or damages to plaintiff.
9       22. (sic.)  This answering defendant admits that plaintiff has replead and incorporated by
10 reference Paragraphs 1 through 21 (sic.) of the Complaint.
11      23. (sic.)  This answering defendant admits that plaintiff has adequately set forth
12 statements of law in Paragraph 23 (sic.) of the Complaint on file herein.
13      24. (sic.)  This answering defendant admits that plaintiff has adequately set forth
14 statements of the law in Paragraph 24 of the Complaint on file herein.
15      25. (sic.)  This answering defendant admits that plaintiff has adequately set forth
16 statements of the law in Paragraph 25 of the Complaint on file herein.
17      26. (sic.)  This answering defendant admits that plaintiff has adequately set forth
18 statements of the law in Paragraph 26 of the Complaint on file herein.
19      27. (sic.)  This answering defendant admits that plaintiff has adequately set forth
20 statements of the law in Paragraph 27 of the Complaint on file herein.  Each and every other
21 allegation set forth in Paragraph 27 (sic.) of plaintiff's Complaint on file herein is denied.
22      28. (sic.)  Responding to the allegations contained in Paragraph 28 (sic.) of the
23 Complaint on file herein.  This answering defendant denies each and every allegation contained
24 in Paragraph 28 (sic.).
25      29. (sic.)  This answering defendant lacks information or belief sufficient to admit or
26 deny the allegations contained in Paragraph 29 (sic.) of the Complaint on file herein, and on such
27 basis denies same.  Furthermore, this answering defendant denies that the subject premises was
28 inaccessible to persons with disabilities or that access was discriminatorily denied to plaintiff or

1 to any other person and further denies that they have actually or proximately caused any injuries or damages to plaintiff.

30. (sic.) This answering defendant lacks information or belief sufficient to admit or deny the allegations contained in Paragraph 30 (sic.) of the Complaint on file herein, and on such basis denies same. Furthermore, this answering defendant denies that the subject premises was inaccessible to persons with disabilities or that access was discriminatorily denied to plaintiff or to any other person and further denies that they have actually or proximately caused any injuries or damages to plaintiff.

31. (sic.) Responding to the allegations contained in Paragraph 31 (sic.) of the Complaint on file herein, this answering defendant admits that plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), but denies each and every other allegation contained in Paragraph 31 (sic.) of the Complaint on file herein.

32. This answering defendant denies any and all other allegations not specifically admitted herein, and denies that plaintiff is entitled to damages in any sum or any other relief prayed for herein in Paragraphs 1 – 5 of the prayer as it appears in plaintiff's Complaint on file herein at pages 10-11.

AND AS FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES, THIS ANSWERING DEFENDANT RESPONDS AS FOLLOWS:

34. (sic.) <u>First Affirmative Defense</u>: Plaintiff's Complaint fails to state a cause of action, as a claim under Civil Code Section 51(The Unrue Civil Rights Act) requires pleading and proof of an intentional violation for recovery to be had, which intentional conduct is neither plead or exists in this case.

35. (sic.) <u>Second Affirmative Defense</u>: There has been no violation of the ADA or of State Disability Law in that if the facility was or is inaccessible to plaintiff, such circumstance was and is not discriminatory as the construction, alterations, repairs and/or modifications required to make the facility accessible are not required by federal or state law.

36. (sic.) <u>Third Affirmative Defense</u>: Plaintiff's claims are barred in that they have failed to exhaust their administrative remedies.

37. (sic.) <u>Fourth Affirmative Defense</u>: Plaintiff's claims are barred by each and every applicable statue of limitations.

38. (sic.) <u>Fifth Affirmative Defense</u>: Plaintiff's claims are barred and their damages, if any, are reduced by their failure to mitigate their damages, if any.

39. (sic.) <u>Sixth Affirmative Defense</u>: Plaintiff's claims are barred by laches.

40. (sic.) <u>Seventh Affirmative Defense</u>: Plaintiff's claims are barred by her own unclean hands.

41. (sic.) <u>Eighth Affirmative Defense:</u> Plaintiff by her own conduct is either estopped from obtaining or has waived her right to obtain recovery for the damages alleged in the Complaint.

DATED:     August 6, 2008.

CRADDICK, CANDLAND & CONTI

By: _____
ERIC S. RITIGSTEIN
Attorneys for Defendant(s),
DUGGAN'S FUNERAL SERVICE

# PROOF OF SERVICE

I am employed in the County of Contra Costa, State of California. I am over the age of 18 years and not a party to the within action. My business address is 915 San Ramon Valley Boulevard, Suite 260, Danville, California, 94526-4020.

On August 6, 2008, I served the attached: **Answer of Duggan's Funeral Service for Preliminary and Permanent Injunctive Relief and Damages; Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons; Injunctive Relief Pursuant to Title III, Americans with Disabilities Act** on the parties to said action by placing a true copy of each of the document(s) thereof in a sealed envelope addressed as listed below:

**For: Plaintiff Yvonne W. White**

Sidney J. Cohen
427 Grand Avenue
Oakland, CA 94610

☐ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with first class postage thereon fully prepaid at Danville, California, in the ordinary course of business.

☐ **(OVERNIGHT MAIL)** I deposited said addressed envelope(s) in a box or facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express with delivery fees paid or provided for.

☐ **(PERSONAL SERVICE)** I delivered such addressed envelope(s), by hand, to the office of the addressee(s).

☒ **(VIA FACSIMILE AND U.S. MAIL)** I caused such document(s) to be transmitted by facsimile on the parties to said action, confirmed receipt of the facsimile, and also placed a true copy of each of the documents thereof in a sealed envelope addressed as listed above for mailing. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with first class postage thereon fully prepaid at Danville, California, in the ordinary course of business.

☐ **(E-SERVICE)** I caused such document(s), as required by the Court's Order Mandating Electronic Filing and Service, to be served on the above-named parties to this action via e-service (LEXIS/NEXIS OR ONE LEGAL). The transmission was reported as complete and without error. A copy of the LEXISNEXIS/ONE LEGAL filing receipt will be maintained with the document in our file.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Danville, California on August 6, 2008.

_/s/ Sharon Adrien Pillado_
SHARON ADRIEN PILLADO

PROOF OF SERVICE